## KIBLER v. BROWN.

(Circuit Court, W. D. Missouri, C. D.    March 21, 1902.)

### No. 2,251.

BILL BY ASSIGNEE—ALLEGATIONS AS TO ASSIGNMENT—VARIANCE.

 A bill averring that "E. G. Church & Co." sold to plaintiff all their right of action, claim, and demand against third parties was not supported by an assignment executed by E. G. Church alone.

James T. Montgomery, for complainant.
William S. Shirk, for defendant.

PHILIPS, District Judge. The theory of the complainant's bill in this case is that, as the assignee of E. G. Church & Co., he is entitled to an accounting against the defendant, receiver of the First National Bank of Sedalia, Mo., on account of certain tax bills pledged by Church & Co. to said bank as security for moneys to be advanced to Church & Co. to prosecute and carry out their contract with the city of Sedalia for paving certain streets. It is not alleged what amount of money was thus advanced by the bank to Church & Co. under this agreement, but it is alleged that the aggregate amount of such tax bills so turned over to the bank was $62,718.91, face value. It is quite inferable from the bill itself, as well as from the evidence in the case and the conduct of the parties themselves, that it was understood that the pledgee was authorized to collect and use the tax bills in payment of the indebtedness of the pledgor to the bank. The bill contains this allegation:

 "And he charges and avers that the said defendant now has in his possession a large sum of money, besides many tax bills in process of collection, arising out of the collection of said tax bills, over and above the amount required to pay off and discharge all sums of money and the interest thereon,

advanced to the said E. G. Church & Co. as aforesaid, to wit, the sum of eight thousand dollars."

The prayer of the bill is:

"That the defendant pay over to this plaintiff all sums of money, and for whatever sum may be found due, owing, and not paid to the said E. G. Church & Co., and that he may have a further judgment that the said Deweese [who has been succeeded in the receivership of said bank by the above defendant, Brown] deliver to this plaintiff all tax bills in his hands remaining yet uncollected, and received by him as receiver of such bank, and for all sums of money which may have been received by the said W. A. Latimer [who was the receiver prior to Deweese, and prior to July or August, 1898] and the defendant on account of said tax bills since the same came into his hands."

The bill, as showing a right of action in this complainant, alleges that:

"On the 28th day of September, 1900, the said E. G. Church & Co., for a valuable consideration, transferred, set over, and sold to this plaintiff all their right of action, claim, and demand against the First National Bank, and against the receiver thereof, for whatever sum might be due, owing, and unpaid them by said bank by said Latimer, or by Deweese as receiver, and also whatever tax bills which they, or either of them, had received, and yet remained uncollected."

This allegation was denied by the answer. To support the right of action in this complainant, he offered and read in evidence the following instrument of writing:

"For value received, I hereby sell, assign, and transfer to Louis Kibler, of Sedalia, Missouri, all the special Third and Seventh and Fifth street paving tax bills remaining in the hands of the receiver of the First National Bank of Sedalia, Missouri, after paying all indebtedness due said bank from Church and Company on account of said paving.

"[Signed]                                                    E. G. Church.

"Signed and dated at Tatahuicapa, Republic of Mexico, this 28th day of Sept., 1900."

This proof does not support the allegation of the bill that the complainant is the assignee of E. G. Church & Co. It is only an assignment by E. G. Church, and would only have, as between the parties litigant, the effect of vesting in the complainant the individual interest of E. G. Church. It is nowhere alleged in the bill that E. G. Church & Co. was composed solely of E. G. Church. It is true that the witness Meyers, on the part of the complainant, in response to the question as to who he represented in his conversations with the cashier of the bank and the receivers, and by whose authority he went to see those parties, testified that when he went to see Mr. Thompson, the cashier, and Mr. Latimer, the receiver, of the bank, he represented E. G. Church & Co., at their request, and that in his other visits to Mr. Latimer and to Mr. Deweese, receivers, he went at the request of Mr. Kibler, the complainant; and he then volunteered the statement that the contracts for paving the streets were let by the city to E. G. Church, J. Peavey, and E. A. Berry, and that, before the work was completed, Peavey and Berry sold out their interest in the contracts to Church, who was authorized by them to continue the business of the firm of E. G. Church & Co. But Peavey and Berry, the admitted members of

the firm of E. G. Church & Co., are not parties to this suit, and are not before this court, and would not be concluded by any decree this court might make in this suit. There is nothing on the face of the bill to conclude them, and nothing to prevent Peavey and Berry from asserting their interest and rights in the contract in question. In other words, under the written assignment, which is the muniment of the complainant's right, and which is a clear departure from the allegations of the bill, he represents nothing but the individual interest of E. G. Church in the contract and tax bills. The court could give him no decree turning over to him any tax bills pledged by E. G. Church & Co., without splitting up the cause of action, and undertaking, in the absence of the other members of the firm of E. G. Church & Co., to determine what aliquot proportion the complainant, as an assignee of Church alone, has in the entire property. It is evident, therefore, that there is an entire failure of proof under the allegations of the bill to entitle this complainant to the relief sought.

For this reason the bill will be dismissed without prejudice.